IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DANE S. FIELD, bankruptcy trustee of the estate of Winston Mirikitani, <br><br> Plaintiff, <br><br> vs. <br><br> MARIAN MIRIKITANI, individually and as Trustee under Revocable Declaration of Trust dated March 20, 1982, et al., <br><br> Defendant. | CIVIL NO. 16-00121 LEK-RLP |

**ORDER ADOPTING THE AMENDED PROPOSED FINDINGS AND RECOMMENDED DECISION ON FRAUDULENT TRANSFER AND RELATED CLAIMS**

On December 19, 2016, the bankruptcy judge issued his Amended Proposed Findings and Recommended Decision on Fraudulent Transfer and Related Claims ("Recommended Decision"). The Recommended Decision was transmitted to this district court on December 21, 2016. [Dkt. no. 10.[1]] On December 30, 2016, Defendants Marian Mirikitani, individually and as Trustee under Revocable Declaration of Trust dated March 20, 1982 ("Marian Mirikitani"); Eleanor Mirikitani; Irene Mirikitani; and Mirikitani Investment Corporation ("MIC," all collectively "Defendants") filed their objections to the Recommended Decision ("Defendants' Objections"). [Dkt. no. 11.] On January 3, 2017,

---

[1] The Recommended Decision is pages 1-25 of docket number 10-1.

Plaintiff Dane S. Field, bankruptcy trustee of the estate of Winston Mirikitani ("Plaintiff" or "the Trustee"), filed his objections to the Recommended Decision ("Plaintiff's Objections"). [Dkt. no. 15.] Plaintiff filed his response to Defendants' Objections ("Plaintiff's Response") on January 13, 2017, and Defendants filed their response to Plaintiff's Objections ("Defendants' Response") on January 17, 2017. [Dkt. nos. 22, 24.] The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Recommended Decision, objections, responses, and the relevant legal authority, Defendants' Objections and Plaintiff's Objections are HEREBY DENIED, and the Recommended Decision is HEREBY ADOPTED, for the reasons set forth below.

## BACKGROUND

In November 1992, Winston Mirikitani ("the Debtor") executed documents transferring his interests in MIC and Kozan Company ("Kozan") to his sisters, Defendants Marian Mirikitani, Eleanor Mirikitani, and Irene Mirikitani ("the Mirikitani Sisters"). Kozan was a Hawai`i limited partnership. MIC was the general partner, and the Debtor and the Mirikitani Sisters were limited parties. [Recommended Decision at 2-3.]

In 2005, the Debtor opened Chapter 7 proceedings in the bankruptcy court, In re Winston Mirikitani, Case No. 05-03693. He obtained a discharge, and the case closed. [Recommended Decision at 2.]

In 2013 the Debtor asserted that the transfer of his interests in MIC and Kozan were for the purpose of shielding his assets from his creditors and that the Mirikitani Sisters promised to return the interests to him at a later date. The Mirikitani Sisters deny this and they refused to return his interests in the entities. On March 14, 2014, the Debtor sued the Mirikitani Sisters in state court, seeking recovery of the assets, and other relief. The state court dismissed the case, ruling that the Debtor lacked standing because any claim that the Debtor had to the assets was still the property of his bankruptcy estate. On November 23, 2014, the Debtor filed a motion to reopen the Chapter 7 proceedings.[2] The bankruptcy court granted the motion and appointed Plaintiff to administer the estate. [Id. at 2, 4.] On January 13, 2016, Plaintiff filed his Complaint, opening an adversary proceeding in the bankruptcy court, Field v. Mirikitani, Adv. Pro. No. 16-90002, to recover the assets that were allegedly the subject of the fraudulent

---

[2] The Debtor and his wife filed another Chapter 7 proceeding on September 3, 2015, and received a discharge on July 3, 2016. [Recommended Decision at 5.]

transfer.³

The Complaint asserts the following claims: a fraudulent transfer claim pursuant to Haw. Rev. Stat. § 651C-4(a)(1) and 11 U.S.C. § 544(b) against the Mirikitani Sisters ("Count I"); a fraudulent transfer claim pursuant to Haw. Rev. Stat. §§ 651C-4(a)(2) and 651C-5(a) and 11 U.S.C. § 544(b) against the Mirikitani Sisters ("Count II"); a claim that Marian Mirikitani is liable for the transfers in her individual capacity pursuant to 11 U.S.C. § 550 ("Count III"); a claim against the Mirikitani Sisters for breach of oral trust agreement ("Count IV"); a breach of fiduciary duty claim against the Mirikitani Sisters ("Count V"); a breach of fiduciary duty claim against Defendants ("Count VI"); an unjust enrichment claim against the Mirikitani Sisters ("Count VII"); and a civil conspiracy claim against the Mirikitani Sisters ("Count VIII").

Plaintiff seeks the following relief:

-as to Counts I and II, judgment against the Mirikitani Sisters, jointly and severally, avoiding the transfers and awarding Plaintiff either the transferred property or the value thereof, as well as prejudgment interest and punitive damages;

-as to Count III, judgment against Marian Mirikitani, in her individual capacity, for the transfers avoided in Counts I and/or II;

---

³ The bankruptcy court filed its Notice of Transmittal to District Court: Bankruptcy Judge's Recommendation to Withdraw Reference (Schedule Jury Trial) on March 1, 2016.  [Dkt. no. 1.]  Docket number 1-3 is a set of the transmitted documents from the bankruptcy court, and the Complaint is pages 1-28.

-as to Counts IV, V, VI,[4] VII, and VIII, judgment against the Mirikitani Sisters, jointly and severally, for the Debtor's actual damages sustained, as well as punitive damages; and

-as to all counts, reasonable attorneys' fees and costs, and any other appropriate relief.

On November 4, 2016, Defendants filed two motions for summary judgment, one seeking summary judgment as to Counts IV through VIII, and the other seeking summary judgment as to Counts I through III.  [Adv. Pro. No. 16-90002, dkt. nos. 68, 69.[5]]  Also on November 4, 2016, Plaintiff filed a motion for summary judgment as to Count I.  [Id., dkt. no. 76.]

The bankruptcy judge recommended that this Court grant partial summary judgment in favor of Plaintiff as to the timeliness of Count I, [Recommended Decision at 14,] and recommended that the summary judgment motions be denied in all other respects.

**STANDARD**

Fed. R. Bankr. P. 9033 governs a bankruptcy court's proposed findings of fact and conclusions of law.  Rule 9033(d) states:

> The district judge shall make a de novo review upon the record or, after additional evidence, of

---

[4] Although MIC is named as a defendant in Count VI, the prayer for relief associated with Count VI does not refer to MIC. [Complaint at pg. 21, ¶ E.]

[5] The docket sheet for the bankruptcy court's adversary proceeding, as of December 21, 2016, is filed in this district court as pages 28-41 of docket number 10-1.

5

> any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions.

In conducting a de novo review of a bankruptcy court's findings and recommendation on a motion for summary judgment, the district court applies the same standards it applies when considering a motion for summary judgment. See, e.g., Batiste v. Sun Kona Fin. I, LLC, Civ. No. 15-00397 ACK-KSC, 2017 WL 123425, at *4 (D. Hawai`i Jan. 12, 2017) (describing the summary judgment standards applicable when considering the bankruptcy court's recommended decisions).

## DISCUSSION

### I. Defendants' Objections

#### A. Count I

The bankruptcy judge recommended that this Court "hold that count I is timely and grant partial summary judgment in favor of the trustee on that point." [Recommended Decision at 14.] In light of that recommendation, the bankruptcy judge also recommended that this Court deny Defendants' motion for summary judgment as to the timeliness of Count I. [Id. at 18.] Defendants argue that this Court should reject the bankruptcy judge's recommendation as to the timeliness of Count I because

Plaintiff's motion for summary judgment did not seek summary judgment as to that issue.  [Defs.' Objections at 15.]

Plaintiff's motion for summary judgment argued that he was entitled to summary judgment in his favor as to Count I.  Such a ruling would necessarily require consideration of whether or not the claim was timely.  This Court therefore CONCLUDES that Plaintiff's motion for summary judgment includes a request for summary judgment on the timeliness of Count I.  Further, this Court does not construe Defendants' Objections as contesting the bankruptcy judge's analysis of Count I beyond the threshold timeliness issue.  This Court DENIES Defendants' Objections as to Count I.

**B.** **Count II**

Count II alleges that the 1992 transfer was fraudulent pursuant to § 651C-4(a)(2) and 651C-5(a).  As noted by the bankruptcy judge, "[t]ransfers of this kind are sometimes called 'constructively fraudulent.'"  [Recommended Decision at 18.]  Such claims must be brought within four years after the allegedly fraudulent transfer.  [Id. at 19 (quoting Haw. Rev. Stat. § 651C-9(2)).]  Further, while the discovery rule applies to "actual fraud" claims brought pursuant to § 651C-4(a)(1), it does not apply to constructive fraud claims.  The bankruptcy judge also concluded that the § 651C-9(2) limitations period is not subject to equitable tolling.  [Id. at 19-20.]  However, the bankruptcy

7

judge stated:

> The doctrine of equitable estoppel, on which the trustee also relies, presents a different question. Timeliness is an affirmative defense that the defendant can always waive. Under the doctrine of equitable estoppel, a court can refuse to consider a timeliness defense asserted by a defendant who has engaged in certain kinds of misconduct. In other words, equitable estoppel means that the defendant has waived the limitations period by its conduct. Although the structure of section 651C-9 shows that the legislature did not wish to apply equitable tolling, there is no reason to think that the legislature meant to rule out the doctrine of equitable estoppel, because doing so would reward those who actively conceal their wrongdoing.
>
> Therefore, I recommend that the district court determine that (1) there are genuine disputes of material fact concerning whether the Sisters are equitably estopped from asserting that count II is untimely and (2), if equitable estoppel does not apply, count II is time-barred.

[Id. at 21 (footnote omitted).]

Defendants first argue that, in opposing their motion for summary judgment, Plaintiff only raised equitable estoppel as to Count I. Defendants contend that "on this basis alone, the Court should conclude that Count II is time-barred." [Defs.' Objections at 11.] However, in his memorandum in opposition to Defendants' motion for summary judgment, Plaintiff argued that Hawai`i law recognizes a "version of the equitable tolling doctrine" based on a defendant's active concealment, and he argued that the Mirikitani Sisters' "affirmative[] fraudulent concealment was sufficient to toll the statute of limitations as

judge stated:

> The doctrine of equitable estoppel, on which the trustee also relies, presents a different question. Timeliness is an affirmative defense that the defendant can always waive. Under the doctrine of equitable estoppel, a court can refuse to consider a timeliness defense asserted by a defendant who has engaged in certain kinds of misconduct. In other words, equitable estoppel means that the defendant has waived the limitations period by its conduct. Although the structure of section 651C-9 shows that the legislature did not wish to apply equitable tolling, there is no reason to think that the legislature meant to rule out the doctrine of equitable estoppel, because doing so would reward those who actively conceal their wrongdoing.
>
> Therefore, I recommend that the district court determine that (1) there are genuine disputes of material fact concerning whether the Sisters are equitably estopped from asserting that count II is untimely and (2), if equitable estoppel does not apply, count II is time-barred.

[Id. at 21 (footnote omitted).]

Defendants first argue that, in opposing their motion for summary judgment, Plaintiff only raised equitable estoppel as to Count I. Defendants contend that "on this basis alone, the Court should conclude that Count II is time-barred." [Defs.' Objections at 11.] However, in his memorandum in opposition to Defendants' motion for summary judgment, Plaintiff argued that Hawai`i law recognizes a "version of the equitable tolling doctrine" based on a defendant's active concealment, and he argued that the Mirikitani Sisters' "affirmative[] fraudulent concealment was sufficient to toll the statute of limitations as

to Count II of the Trustee's Complaint." [Adv. Pro. No. 16-90002, Pltf.'s Opp. to Defs.' Motion for Partial Summary Judgment as to Counts I-III of the Complaint ("Plaintiff's Opp."), filed 11/18/16 (dkt. no. 86), at 21-22.[6]] This Court therefore CONCLUDES that Plaintiff raised the equitable estoppel issue as to Count II.

Defendants next argue that, even if this Court considers the merits of Plaintiff's equitable estoppel argument, the Mirikitani Sisters are entitled to summary judgment as to Count II. Defendants argue that equitable estoppel is not appropriate here because Plaintiff is the plaintiff in this case, not the Debtor, and there is no evidence that Plaintiff detrimentally relied upon any representations or actions by the Mirikitani Sisters in failing to bring Count II in a timely manner. However, Defendants' argument ignores the fact that Plaintiff could not have known of the Debtor's claim to the interests in MIC and Kozan until the Debtor came forward. Thus, the Debtor's reliance on the Mirikitani Sisters' representations and actions is relevant to Plaintiff's equitable estoppel argument. Viewing the record in the light most favorable to Plaintiff, this Court agrees with the bankruptcy judge that the Mirikitani Sisters are not entitled to summary judgment as to

---

[6] Plaintiff's Opposition is available in this case as docket number 12-3.

Count II because there are genuine disputes of material fact concerning whether equitable estoppel applies. See Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013). This Court DENIES Defendants' Objections as to Count II and ADOPTS the bankruptcy judge's recommendation as to Count II.

### C. Count III

Defendants argue that they are entitled to summary judgment as to Count III, to the extent that Count III is based on Count II. Insofar as this Court has denied Defendants' Objections as to Count II and concluded that Defendants are not entitled to summary judgment as to Count II, this Court also DENIES Defendants' Objections as to Count III and ADOPTS the bankruptcy judge's recommendation as to Count III.

## II. Plaintiff's Objections

### A. Challenged Findings of Fact

Plaintiff argues that the Recommended Decision "contain[s] several material mistakes of fact," and he asks that these "be corrected for the record." [Plaintiff's Objections at 1.] However, several of the purported facts that Plaintiff describes are merely the bankruptcy judge's recounting of the parties' positions and are not findings of fact. Further, even if one assumed, for argument's sake, that the bankruptcy judge made mistakes in his own statements about the case, they will not be binding at trial. The jury will decide the case based on the

evidence presented at trial, not the record that was before the bankruptcy judge on summary judgment. This Court therefore concludes that it is not necessary to correct the challenged findings of fact and DENIES Plaintiff's Objections as to those issues.

**B.** **Count I**

Plaintiff argues that the bankruptcy judge should have granted him summary judgment as to the issue of the Debtor's fraudulent intent. This Court agrees with the bankruptcy judge that the Debtor's testimony is not dispositive, and the issue of fraudulent intent requires credibility determinations and the weighing of conflicting evidence, neither of which are appropriate at the summary judgment stage. See Kauhako v. State of Haw. Bd. of Educ. Dep't of Educ., Civil No. 13-00567 DKW-BMK, 2015 WL 5312359, at *7 (D. Hawai`i Sept. 9, 2015) (citing Nelson v. City of Davis, 571 F.3d 924 (9th Cir. 2009)). This Court therefore DENIES Plaintiff's Objections as to the fraudulent intent issue.

Plaintiff also argues that he is entitled to summary judgment on the issue of whether the Mirikitani Sisters gave "reasonably equivalent value" in exchange for the transfer of the Debtor's interests in MIC and Kozan. Plaintiff argues that the Mirikitani Sisters' failure to present evidence in support of their Haw. Rev. Stat. § 651C-8(a) defense requires summary

11

judgment in his favor as to Count I.  However, to the extent that Plaintiff seeks summary judgment as to Count I, this Court must view the record in the light most favorable to the Mirikitani Sisters.  Viewed in the light most favorable to them, there are genuine issues of material fact as to the merits of Plaintiff's case as to Count I.  As the bankruptcy judge noted, the § 651C-8(a) defense is an affirmative defense.  [Recommended Decision at 15 & n.35 (citing In re Cohen, 199 B.R. 709, 718 (B.A.P. 9th Cir. 1996); Uniform Fraudulent Transfer Act ("UFTA") § 8(a) comment 1 ("The person who invokes this defense carries the burden of establishing good faith and the reasonable equivalence of the consideration exchanged.")).]  Because Plaintiff did not carry his burden of proof on summary judgment on Count I, the burden did not shift to the Mirikitani Sisters to prove their affirmative § 651C-8(a) defense.  See Terry v. June, 432 F. Supp. 2d 635, 642 (W.D. Va. 2006) (stating that, under the UFTA, "[i]f the plaintiff shows that the transfer was made with actual intent to defraud, then the burden shifts to the defendant to make the good faith defense").  Plaintiff is not entitled to either summary judgment on Count I or a ruling that the Mirikitani Sisters' § 651C-8(a) defense is limited to the evidence before the bankruptcy judge on summary judgment.  This Court therefore DENIES Plaintiff's Objections as to all of his objections as to Count I.

Having rejected all of the parties' objections as to Count I, this Court ADOPTS the bankruptcy judge's recommendations as to Count I.

### III. Counts IV Through VIII

The bankruptcy judge recommended that Defendants' motion for summary judgment be denied as to Counts IV, V, VI, VII, and VIII.  No party has objected to these recommendations.  Moreover, in light of this Court's rulings on the objections that were raised and based on its review of the bankruptcy judge's analysis of Counts IV through VIII, this Court agrees Defendants are not entitled to summary judgment as to those claims.  This Court therefore ADOPTS the bankruptcy judge's Recommended Decision as to Counts IV through VIII.

### CONCLUSION

On the basis of the foregoing, Defendants' objections, filed December 30, 2016, and Plaintiff's objections, filed January 3, 2017, are HEREBY DENIED, and the bankruptcy court's Amended Proposed Findings and Recommended Decision on Fraudulent Transfer and Related Claims, transmitted to this district court on December 21, 2016, is HEREBY ADOPTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 14, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DANE S. FIELD, BANKRUPTCY TRUSTEE OF THE ESTATE OF WINSTON MIRIKITANI VS. MARIAN MIRIKITANI, ETC., ET AL.; CIVIL 16-00121 LEK-RLP; ORDER ADOPTING THE AMENDED PROPOSED FINDINGS AND RECOMMENDED DECISION ON FRAUDULENT TRANSFER AND RELATED CLAIMS**